IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9804-CR-00164 |
| | ) | |
| Appellee | ) | SULLIVAN COUNTY |
| | ) | |
| v. | ) | HON. R. JERRY BECK, JUDGE |
| | ) | |
| JOHN PERRY ROBERTS, | ) | (Sentencing) |
| | ) | |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Terry L. Jordan
Assistant Public Defender
2nd Judicial District
Office of the Public Defender
P.O. Box 839
Blountville, TN 37617

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

# O P I N I O N

The defendant entered *nolo contendere* pleas in case number S39,082 to two counts of reckless endangerment, for which he was sentenced to serve two one year sentences to be served concurrently. The defendant also entered *nolo contendere* pleas to three counts of reckless endangerment, for which he was sentenced to serve one year each to be served concurrently but consecutive to the sentences in case number S39,082. He also entered a *nolo contendere* plea to reckless aggravated assault, for which he was sentenced to serve three years. This sentence was to run concurrent to the other sentences and consecutive to the sentences in case number S39,082 for an aggregate sentence of four years.

The trial judge denied the defendant's application for probation or alternative sentencing.

We affirm the judgment of the trial court.

The evidence presented by the State by way of stipulation and testimony shows as follows:

> On June 5, 1996, Angela McHan and Sharon Warren . . . were in Ms. McHan's vehicle which was sparked in Autumn Chase Apartments in Sullivan County. Ms. McHan [who was a friend of defendant's estranged wife], was backing the vehicle out of the parking space when the Defendant, John Roberts, pulled up behind them. Mr. Roberts attempted to keep them from leaving, but Ms. McHan managed to get her car out and around the Defendant.

> She drove out of the apartment complex and Mr. Roberts followed them. They headed down West Stone Drive in Sullivan County, and then Ms. McHan made a u-turn and headed east. Mr. Roberts turned at the same location and continued following them. While traveling on West Stone Drive to an area east of 181, Mr. Roberts went to the left side of the vehicle. He cut in front or cut into Ms. McHan's lane, she had to slam on her brakes to keep Mr. Roberts from hitting her vehicle.

> She slowed down to put distance between them. Mr. Roberts pulled into the far right of the road and began driving very slow. As Ms. McHan caught up with him, she went to the left lane to speed up and passed him. Mr. Roberts then sped up and caught up with her. He pulled along side Ms. McHan's vehicle and once again swerved back into Ms. McHan's lane causing her to have to slam on the brakes again to keep from being hit.

On July 28, 1996, the Defendant and Linda Roberts, the defendant's estranged wife, and Jonathan Roberts, the couple's son, Jody Day and Loretta Dotson, were at a cemetery.

They had met for decoration day. At some point, the defendant pushed his wife, grabbed their son, and put him in his car.

The defendant got into the car with his two and a half year old son and started to take off. The defendant, at some time before this, had kidnapped the couple's son.

Mrs. Linda Roberts requested the defendant to stop and got onto the hood of the car. At this point, Mr. Roberts started driving around the graveyard with her on the hood of the car. Ms. Jody Day and Loretta Dotson got into another vehicle and came up behind the Defendant.

The Defendant stopped the car momentarily and requested that Linda Roberts get off the car and she responded that she would not get off the car without her child. At this point, Ms. Jody Day, the driver of the other car, and Loretta Dotson pulled in front of his car and attempted to block it. The Defendant made contact with their car and they were in danger of going over a steep embankment.

After that, the Defendant got his car around their car and went out on the interstate. Mrs. Roberts was on the hood of the car which reached speeds of eight, ninety, and a hundred miles an hour. The son did not have a seat belt on during this time.

Shortly after they left the cemetery, Linda Roberts was able to pull herself inside the car with the help of the Defendant. And the rest of the chase took place with her inside the car.

The trial court acknowledged that the defendant had a somewhat different version of the facts. The defendant did not testify in the plea entry hearing or in the sentencing hearing. His view of the facts was submitted in the statement given by him to a police officer in a pre-sentence report which stated:

The appellant acknowledged he drove his vehicle from the cemetery with his son in it because he saw a gun in the vehicle of Mrs. Roberts' relatives. When he drove away Mrs. Roberts jumped on the hood of his vehicle and Mrs. Roberts' relatives in the other vehicle rammed his vehicle as he went around them. At that time, one of the relatives had the gun and threatened to shoot the appellant. So, the appellant proceeded onto the highway with the other vehicle behind with gun shots being fired from the vehicle. The appellant grabbed Mrs. Robert from the hood of the vehicle and pulled her inside, and then, did the speeding pursuit begin.

At the alternative sentencing/probation hearing, Mrs. Roberts testified she heard a noise while she was on the hood of the appellant's vehicle, and she had testified at the preliminary hearing in this matter that she heard something go bang, bang and understood why the appellant did not stop because he was afraid he would be shot. Again at the preliminary hearing, Mrs. Roberts stated she understood her relatives were shooting at the appellant and that someone was shooting as the appellant left the graveyard. In another statement at the preliminary hearing, Mrs. Roberts said she heard something go bang, bang.

The defendant and his wife divorced sometime after this occurrence.

In reaching a conclusion of whether to grant probation or alternative sentencing, the trial court reviewed the defendant's past history. The history included a misdemeanor theft conviction in Florida and many traffic convictions in the Kingsport area, mostly speeding offenses. In addition, the defendant was convicted of "telephone harassment" and sentenced to serve 11 months and 29 days, for which it appears he was placed on probation. Also, the defendant was convicted of criminal trespass and was given a 30 day suspended sentence.

In reaching the judgment, the trial judge considered favorable factors for the defendant, which in truth are few. He also considered unfavorable factors and concluded that the nature of this offense, which placed the life of his wife and child in obvious peril, was so enormous that probation or alternative sentencing was not justified.

We find the record supports this finding and shows the trial judge did not abuse his discretion. The judgment of the trial court is affirmed. It appearing that the defendant is indigent, costs of the appeal are taxed to the State.

_____
                                        John K. Byers, Senior Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge


_____
Norma McGee Ogle, Judge